Scudder, P.J. (dissenting in part).
I agree with the majority’s conclusion that the evidence is legally insufficient to support the conviction of reckless endangerment in the first degree (Penal Law § 120.25; see generally People v Prindle, 16 NY3d 768, 769-771 [2011]). I also agree with the majority that the *1584 judgment with respect to the remaining counts charging defendant with three counts of criminal possession of a forged instrument in the second degree (§ 170.25) should be reversed and a new trial granted on those counts because a juror who was seen sleeping was thereby grossly unqualified to render a verdict (see People v Hymes, 70 AD3d 1371, 1372 [2010], lv denied 15 NY3d 774 [2010]). I nevertheless respectfully disagree with the majority’s conclusion that we should dismiss count four, i.e., reckless endangerment in the first degree, with leave to file, or re-present to another grand jury, any appropriate charge. In my view, we should modify the judgment with respect to count four by reducing the conviction to the lesser included offense of reckless endangerment in the second degree (Penal Law § 120.20), inasmuch as the evidence is legally sufficient to support the lesser but not the greater offense (see CPL 470.15 [2] [a]). The evidence established that defendant led law enforcement personnel on a high-speed chase during which he disobeyed several traffic control devices, drove in the wrong direction on the roadway and was involved in multiple collisions.
We are required, upon reversing or modifying a judgment, to “take or direct such corrective action as is necessary and appropriate both to rectify any injustice to the appellant resulting from the error or defect which is the subject of the reversal or modification and to protect the rights of the respondent” (CPL 470.20; see People v Rodriguez, 18 NY3d 667, 670-671 [2012]). As noted, the majority dismisses count four of the indictment and grants leave to the People to, inter alia, file any appropriate charge. However, it is clear that the lesser included offense of reckless endangerment in the second degree is not an appropriate charge because defendant’s double jeopardy rights would be violated if he were charged with that offense inasmuch as “the lesser offense . . . requires no proof beyond that which is required for conviction of the greater” (People v Biggs, 1 NY3d 225, 230 [2003] [internal quotation marks omitted]; see US Const 5th Amend; NY Const, art I, § 6; CPL 40.20). “At its core, double jeopardy precludes ‘the government from prosecuting a [defendant] for the same offense after an acquittal or a conviction’ ” (People v Gause, 19 NY3d 390, 394 [2012], quoting Matter of Suarez v Byrne, 10 NY3d 523, 532 [2008], rearg denied 11 NY3d 753 [2008]).
I submit that, because CPL 470.20 provides that the “particular corrective action to be taken or directed is governed in part by the following rules,” we may fashion corrective action that is not specified in CPL 470.20 that both rectifies the injustice to defendant and protects the rights of the People (see Rodriguez, *1585 18 NY3d at 671). I note that in People v Pallagi (91 AD3d 1266, 1267-1268 [2012]), defendant contended both that there was a trial error that deprived her of a fair trial and legally insufficient evidence to support the conviction, and we therefore dismissed the sole count of the indictment, charging defendant with grand larceny in the fourth degree (Penal Law § 155.30 [1]), with leave to file any appropriate charge. As I noted in my dissent (Pallagi, 91 AD3d at 1271-1272), the corrective actions with respect to that count were in conflict, i.e., the trial error required that a new trial be granted (see CPL 470.20 [1]), and the insufficient evidence permitted reduction of the count to a lesser included offense (see CPL 470.15 [2] [a]) or required dismissal of the count (see CPL 470.20 [2]). Here, however, defendant is convicted of not one count, but of four counts. Notably, defendant recognizes that the permissible corrective actions are in conflict and thus contends that he should be granted a new trial on counts one, two and three, and that count four should be dismissed or reduced to the lesser included offense (see CPL 470.20).
I would therefore modify the judgment by reducing the conviction under count four to the lesser included offense of reckless endangerment in the second degree (see CPL 470.15 [2] [a]; see e.g. People v Brink, 78 AD3d 1483, 1483 [2010], lv denied 16 NY3d 742 [2012], reconsideration denied 16 NY3d 828 [2011]), and I would remit the matter to Supreme Court for resentencing on that count (see CPL 470.20 [4]). I otherwise agree with the majority that the judgment insofar as it convicted defendant of counts one, two and three should be reversed and that a new trial should be granted on those counts. In my view, that corrective action serves both statutory mandates, i.e., to rectify the respective injustices to defendant and to protect the rights of the People. Present — Scudder, P.J., Centra, Carni, Sconiers and Martoche, JJ.